UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-370-GWU


JOYCE JONES,                                                                            PLAINTIFF,


VS.                                    **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.


**INTRODUCTION**

Joyce Jones brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits.  The

case is before the Court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity?
       If yes, the claimant is not disabled.  If no, proceed to Step 2.
       See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical
       or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
       claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any
       impairment(s) significantly limiting the claimant's physical or
       mental ability to do basic work activities?  If yes, proceed to
       Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
       404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-370  Jones

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

06-370  Jones

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine:  (1)
> whether objective medical evidence confirms the severity of the

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

06-370  Jones

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

06-370 Jones

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v.
Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Jones, a 47 year-old
former bank teller, office helper, and restaurant hostess with a high school
education, suffered from impairments related to fibromyalgia and anxiety.  (Tr. 14,
20).  Despite the plaintiff's impairments, the ALJ determined that she retained the
residual functional capacity to perform a restricted range of medium level work.  (Tr.
18).  Since the claimant was found able to return to her past relevant work as well
as perform a significant number of other jobs in the national economy, she could not
be considered totally disabled.  (Tr. 20-21).

After review of the evidence presented, the undersigned concludes that the
administrative decision is supported by substantial evidence.  Therefore, the Court
must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ determined that Jones retained the residual functional capacity to
perform medium level work, perform sitting, standing, or walking for more than six
hours each in an eight-hour day, occasionally bend, crouch, and perform fine
manipulation and had a "limited but satisfactory" ability to deal with work stress and
deal with the general public.  (Tr. 18).  Review of the Work History Report indicates
that the exertional and non-exertional requirements of the positions of bank teller,
customer service representative, and hostess were arguably compatible with the

residual functional capacity found by the ALJ.[1]  (Tr. 69-72).  The ALJ also presented

a hypothetical question to Vocational Expert Bill Ellis with the same factors as found

in the aforementioned residual functional capacity assessment.  (Tr. 247).  In

response, Ellis identified a significant number of other jobs which could still be

performed.  (Tr. 247-248).  The ALJ later changed the question to include such

factors as a limitation to light level work restricted from a full range by such non-

exertional restrictions as (1) an inability to more than occasionally bend or crouch;

(2) the need for a sit/stand option at 45 minute intervals; (3) an inability to more than

occasionally perform fine manipulation; and (4) a "limited but satisfactory" ability to

deal with work stresses or deal with the public.  (Tr. 248).  The witness again

identified a significant number of jobs which could be performed.  (Id.).  Finally, the

ALJ asked Ellis the effect on the aforementioned job base of such mental

restrictions as a "severely limited but not precluded" ability to deal with the public,

behave in an emotionally stable manner, and deal with stress.  (Id.).  The expert

testified that the job numbers would be reduced but noted that a significant number

would still remain.  (Tr. 249).  Therefore, assuming that the vocational factors

considered by the vocational expert and found by the ALJ fairly depicted Jones's

condition, then a finding of disabled status, within the meaning of Social Security

---

[1]The plaintiff indicated that she needed to walk for up to eight hours a day in her work as a bank teller.  (Tr. 70).  This might not be compatible with the ALJ's finding that she could walk for more than six hours in an eight-hour time period.

Act, is precluded.    With regard to Jones's physical condition, the ALJ's findings

were consistent with the opinion of Dr. Bobby Kidd, an examining consultant.  Dr.

Kidd identified no specific physical restrictions and reported that the plaintiff's

physical examination results were normal. (Tr. 251-255).  The record was reviewed

by Dr. Ronald Brown (Tr. 153-154) and Dr. David Swan (Tr. 155-156); each opined

that the plaintiff's physical impairments were "less than severe."  These reports

provide substantial evidence to support the administrative decision.

Dr. Gopal Rastogi, Jones's treating physician, identified extremely severe

physical limitations on an assessment form which restricted the plaintiff to less than

a full range of sedentary level work and were essentially totally disabling.  (Tr. 189).

Dr. Rastogi later noted that she was "not fit for gainful employment." (Tr. 192).  The

ALJ rejected Dr. Rastogi's opinion as binding because he did not believe that it was

well-supported by objective clinical data.  (Tr. 19).  Dr. Rastogi related his physical

restrictions to fibromyalgia.  (Tr. 189).  However, the mere diagnosis of a condition

does not prove its severity and its disabling effects must still be shown.  Higgs v.

Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Dr. Rastogi's treatment records primarily

reveal complaints and treatment for such conditions as headaches and sinus

problems rather than fibromyalgia. (Tr. 148-152, 193-215).  Dr. Kidd did not report

the existence of functional restrictions relating to this condition, and the medical

reviewers questioned whether the claimant even suffered from a "severe" physical

impairment.  Therefore, under these circumstances, the Court finds that the ALJ

dealt properly with the evidence of record relating to the plaintiff's physical condition.

The Sixth Circuit Court of Appeals has noted that fibromyalgia, also known as fibrositis,[2] is a condition that, while not easily diagnosed by standard clinical tests and observations, is a recognized illness which can support a claim that one suffers from totally disabling restrictions.   Preston v. Secretary of Health and Human Services, 854 F.2d 815 (6th Cir. 1988).   Identification of focal tender points was noted by the Court to be one of the acknowledged ways of diagnosing the ailment. Preston, 854 F.2d at 820.   In the present action, Dr. Andrew Ruthberg, a rheumatologist at the Lexington Clinic, diagnosed fibromyalgia in July of 2001 after obtaining a number of normal test results and identifying a number of tender points. (Tr. 129-130).   This diagnosis was made almost two years before the plaintiff's alleged disability onset of May 28, 2003 and, so, does not strongly support her claim for disabled status during the relevant time frame.  (Tr. 48).   The medical reviewers questioned this diagnosis due to the claimant's recent assertion of unexplained symptoms such as muscle weakness and syncope which are atypical for fibromyalgia and thought that her problems might be more of a conversion reaction. (Tr. 154-155).   During the time period relevant to this appeal, Dr. Kidd specifically found no tenderness upon examination of the chest, hands, cervical spine,

---

[2]Medical literature indicates that fibromyalgia is now the preferred medical term for the condition once known as fibrositis.  Rogers v. Commissioner of Social Security, 486 F.3d 234, 243 n. 3 (6th Cir. 2007).

shoulders, elbows, wrists, knees, feet, ankles, dorsolumbar spine, and hips.  (Tr. 253-254).  Therefore, the diagnosis of fibromyalgia does not appear to provide strong support for the claimant's pain complaints.

The ALJ also dealt properly with the evidence of record relating to Jones's mental status.  Dr. Kevin Eggerman examined the plaintiff and diagnosed a generalized anxiety disorder.  (Tr. 145).  The claimant's Global Assessment of Functioning (GAF) was rated at 60 to 65.  (Id.).  Such a GAF suggests the existence of only "mild to moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The plaintiff was noted to be "mildly" impaired in remembering and carrying out detailed instructions, interacting with others, and responding appropriately to changes in a routine work setting.  (Tr. 146).  The mental factors considered by the vocational expert were essentially consistent with this opinion.  Psychologists Jay Athy (Tr. 158) and Ilze Sillers (Tr. 173), the non-examining medical reviewers, each opined that the claimant's mental problems were not "severe."  These reports provide substantial evidence to support the administrative decision.

Dr. Rastogi indicated in a letter that Jones suffered panic attacks and depression which prevented her from handling pressure.  (Tr. 192).  However, the doctor's treatment notes make virtually no mention of mental problems.  (Tr. 158-162, 193-215).  Dr. Rastogi was not a mental health professional and his opinion

11

06-370  Jones

was offset by that of Dr. Eggerman, an examining psychiatrist.  The Administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues related to his or her speciality than to the opinion of a source who is not a specialist." 20 C.F.R. Section 404.1527(d)(5).  Therefore, Dr. Rastogi's mental restrictions were not binding on the ALJ.

Psychologist Pamela Starkey also examined Jones and diagnosed a major depressive disorder.  (Tr. 261).  Starkey noted a GAF of 57, suggesting the existence of "moderate" psychological symptoms.  (Tr. 261).  The examiner indicated that the plaintiff would require six to nine months of psychological treatment before she could be considered for work or vocational training. (Id.).  This opinion was offset by that of Dr. Eggerman.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of February, 2008.



**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**